IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PAMELA S. MONROE                                                                 PLAINTIFF

VS.                          Civil No. 2:18-cv-02162-PKH-MEF

ANDREW M. SAUL[1], Commissioner,                              DEFENDANT
Social Security Administration

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Pamela S. Monroe, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of Social Security Administration (the "Commissioner") denying her claim for a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI") under the provisions of Titles II and XVI of the Social Security Act (the "Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g).

### I.  Procedural Background

Plaintiff filed her applications for SSI and DIB on March 6, 2017, due to bilateral rotator cuff syndrome, right knee, anxiety, weakness in legs and arms, balance issues, and multiple sclerosis. (ECF No. 12, pp. 20, 197, 204, 243). Plaintiff alleged an onset date of February 28, 2017. (*Id*.). Her claims were denied initially on June 5, 2017, and upon reconsideration on July 25, 2017. (*Id*., pp. 20, 130, 133, 139, 141). An administrative hearing was held on April 3, 2018, before the Hon. Edward M. Starr, Administrative Law Judge ("ALJ"). (*Id*., pp. 36-72). Plaintiff

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and he is substituted as Defendant in this action pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

appeared in person and was represented by counsel, Matthew J. Ketcham. (*Id*.). A vocational expert, Jim Spragins, also testified at the hearing. (*Id*.).

By written decision dated May 31, 2018, the ALJ found Plaintiff's respiratory disorder, peripheral neuropathy, and cervical spine disorder to be severe, but found that these impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments. (*Id*., pp. 17, 22-24). The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except frequently reach overhead bilaterally, climb, balance, crawl, bend, stoop, and crouch, and; must avoid concentrated exposure to pulmonary irritants such as dusts, odors, and gases.
> (*Id*., pp. 24-29).

With the assistance of a vocational expert ("VE"), the ALJ then determined Plaintiff would be able to perform her past relevant work as a legal secretary (DOT No. 201.362-10) as generally performed. (*Id*., p. 29). The ALJ found Plaintiff had not been disabled under the definition of the Act from February 28, 2017 through the date of his decision. (*Id*.).

On August 6, 2018, the Appeals Council denied Plaintiff's request for review. (*Id*., pp. 5-7). Plaintiff then filed this action on September 18, 2018. (ECF No. 1). This matter is before the undersigned for report and recommendation. Both parties have filed appeal briefs. (ECF Nos. 15, 16). The case is ready for decision.

## II.     Relevant Evidence

The undersigned has conducted a thorough review of the entire record in this case. The complete sets of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff completed a work history report on April 13, 2017. (ECF No. 12, pp. 255-262). Plaintiff described the work she performed at the job in question as: "I was a paralegal, I typed legal docs, prepared reports and briefs, indices; pleading, interrogatories and requests for

production." (*Id*., p. 257). Plaintiff indicated that she occasionally handled boxes with files, "perhaps weekly, bi-weekly, or monthly." (*Id*.). She indicated the heaviest weight she lifted was 20 pounds, and the heaviest weight frequently lifted was less than 10 pounds. (*Id*.). She indicated she worked eight hours per day; walked one hour; sat six hours; reached two hours; stood one hour; stooped half an hour; kneeled half an hour; and, crouched for .2 hours per day. (*Id*.). Plaintiff indicated she did not crawl, or handle, grab or grasp big objects, nor supervise other people at this job. (*Id*.).

On July 7, 2017, Plaintiff completed another work history report. (*Id*., pp. 279-287). Plaintiff repeated the job description as previously reported on April 13, 2017, but she added faxing, phones, copying, e-filing, mailing, and going to the courthouse to her job duties. (*Id*., p. 281). Plaintiff indicated she walked one hour; stood one hour; sat four hours; kneeled half an hour; crouched half an hour; reached one hour; and, typed or handled small objects for seven hours per day. (*Id.*). Plaintiff reported she sometimes had to lift file boxes, that the heaviest weight lifted was 20 pounds, and the heaviest weight frequently lifted was 10 pounds. (*Id*.).

At the administrative hearing held on April 3, 2018, Plaintiff testified that she was then working five hours a day, five days a week as a legal assistant for a local attorney. (*Id*., p. 43). She spent most of her time at a computer station or typewriter. (*Id*.). She had to quit her previous job at Dillard's due to inability to be around fragrances, and then problems with walking for long distances or standing for long periods of time. (*Id*., pp. 46-48). She testified that Dillard's attempted to accommodate her by transferring her from the fragrance department to the ladies' ready to wear department and changing her work to part time, but she was unable to work in that department due to her legs. (*Id*., pp. 47-48). Plaintiff said her current employer was aware of her conditions and was understanding of her need to come in late or leave early sometimes. (*Id*., p. 49). Plaintiff testified that she did not take a lunch break, but she would take a break from work and just look out the window or go in and sit with her boss a couple times per day. (*Id*., pp. 64-

3

65).

Plaintiff testified she experienced pain between her shoulder blades that went down to her elbows when she sat at the computer. (*Id*., p. 58). She stated the only household chore she was able to perform was a load of laundry once a week, but she was unable to do chores such as vacuuming or cleaning bathrooms due to back pain. (*Id*., pp. 59-60).

Following the Plaintiff's testimony, the ALJ asked the VE to classify Plaintiff's past relevant work. (*Id*., p. 67). Regarding the job at issue, the VE testified that Plaintiff was a legal secretary, DOT 201.362-10. (*Id*.). The ALJ's next question was a hypothetical using the RFC he would later use in his written decision, and he asked "[c]ould that person return to the paralegal work with those limitations?" (*Id*.). The VE testified that he believed they could. (*Id*.).

### III.     Applicable Law

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Teague v. Astrue*, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014). If there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents

her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least 12 consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### IV. Discussion

The sole issue on appeal is whether the ALJ erred at Step Four of the sequential evaluation in finding that Plaintiff could perform her past relevant work as a legal secretary. Specifically, Plaintiff argues that her work should have been categorized as a "paralegal" and not as a "legal secretary." (ECF No. 15, pp. 5-7). The Commissioner responds that substantial evidence supports the ALJ's finding that Plaintiff could return to her past relevant work as a legal secretary. (ECF No. 16, pp. 4-6).

In his decision, the ALJ determined Plaintiff's RFC to be restricted to sedentary work, except that she could frequently reach overhead bilaterally, climb, balance, crawl, bend, stoop, and crouch, and she must avoid concentrated exposure to pulmonary irritants such as dusts, odors, and gases. (ECF No. 12, pp. 24-29). Plaintiff does not dispute the ALJ's RFC determination or any of the ALJ's findings regarding Plaintiff's impairments and limitations. (ECF No. 15). Instead, Plaintiff contends her past relevant work should not have been categorized as a "legal secretary" (DOT 201.362-010), but rather as a "paralegal" (DOT 119.267-026). (ECF No. 15, pp. 5-7). Plaintiff argues this is a critical distinction as "paralegal" is listed at the light exertional level, while a "legal secretary" is sedentary. (*Id.*).

Plaintiff does not provide new evidence, or cite evidence already in the record, contradicting the VE's testimony that this job constituted the work of a "legal secretary," but rather she argues that because the ALJ, VE, and Plaintiff referred to this work as a "paralegal" several times in the record, and referred to it only twice as "legal assistant," this case must be remanded for clarification on the Plaintiff's past relevant work. (*Id.*, pp. 5-7).

Although Plaintiff did not provide any analysis of the record to support her argument that her work, as actually performed, should have been categorized as a "paralegal," the Court has examined the definitions of both occupations and the evidence pertaining to the job in question.

The Dictionary of Occupational Titles provides the following parameters for the work done by a "paralegal":

> Researches law, investigates facts, and prepares documents to assist LAWYER (profess. & kin.) 110.107-010: Researches and analyzes law sources such as statutes, recorded judicial decisions, legal articles, treaties, constitutions, and legal codes to prepare legal documents, such as briefs, pleadings, appeals, wills, contracts, initial and amended articles of incorporation, stock certificates and other securities, buy-sell agreements, closing papers and binders, deeds, and trust instruments for review, approval, and use by attorney. Appraises and inventories real and personal property for estate planning. Investigates facts and law of case to determine causes of action and to prepare case accordingly. Files pleadings with court clerk. Prepares affidavits of documents and maintains document file. Delivers or directs delivery of subpoenas to witnesses and

6

>parties to action. May direct and coordinate activities of law office employees. May prepare office accounts and tax returns. May specialize in litigation, probate, real estate, or corporation law. May prepare real estate closing statement and assist in closing process. May act as arbitrator and liaison between disputing parties. May act as law librarian, keeping and monitoring legal volumes and ensuring legal volumes are up to date. May search patent files to ascertain originality of patent application and be designated Patent Clerk (government ser.). 119.267-026 PARALEGAL, DICOT 119.267-026A.

The parameters for work performed by a "legal secretary" are:

>Prepares legal papers and correspondence of legal nature, such as summonses, complaints, motions, and subpoenas, using typewriter, word processor, or personal computer. May review law journals and other legal publications to identify court decisions pertinent to pending cases and submit articles to company officials. 201.362-010 LEGAL SECRETARY, DICOT 201.362-010.

Plaintiff did not report or testify that her work included research, analysis of legal sources or documents, or the investigation of facts. (ECF No. 12, pp. 43-65, 255-62). Rather, she reported that she typed legal documents, prepared reports, briefs, pleadings, interrogatories, and requests for production. (*Id*.). At the hearing, Plaintiff testified she was working five hours a day five days a week as a "legal assistant" for a local attorney, Jim Filyaw. (*Id*., p. 43). When asked specifically what she did for Mr. Filyaw, Plaintiff testified, "I type all of his legal documents," and that she spent most of her time at a computer station or typewriter. (*Id*.).

Plaintiff does not explain how her work for Mr. Filyaw, as actually performed, constituted more than sedentary work. Instead, Plaintiff's only argument is that her job should have been considered as a "paralegal" rather than a "legal secretary" because the job was referred to as a "paralegal" at times in the record, and because the ALJ used the word "paralegal" in phrasing his hypothetical questions to the VE. (ECF No. 15, p. 6-7).

While the Dictionary of Occupational Titles has separated "legal secretary" and "paralegal," the colloquial use of the word "paralegal" when referencing a job does not constitute a finding that said job fits the definition of "paralegal" as defined in the Dictionary of Occupational Titles. Plaintiff is correct that the terms "paralegal" and "legal secretary" were both used at the

7

hearing. (*Id*., pp. 67-68). However, the VE clearly testified that he categorized Plaintiff's work as that of a legal secretary, DOT 201.632-10, sedentary, SVP, skilled. (*Id*., p. 67). In his decision, the ALJ relied upon the VE's testimony and found that Plaintiff could perform her past relevant work as a legal secretary. (*Id*., p. 29). The VE's testimony constituted substantial evidence, which the ALJ was permitted to consider in making his step four finding. *See Wagner v. Astrue*, 499 F.3d 842, 853-54 (8th Cir. 2007) (holding an ALJ may rely on vocational expert testimony at step four to determine if a claimant can perform past relevant work).

The ALJ permissibly relied upon the testimony of a vocational expert and the Dictionary of Occupational Titles to identify Plaintiff's past relevant work, and the ALJ did not commit reversible error in finding Plaintiff's past relevant work to be that of a "legal secretary."

## V. Conclusion

For the reasons and upon the authorities discussed above, it is recommended that the ALJ's decision be affirmed and the Plaintiff's Complaint be dismissed with prejudice.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of July 2019.

                                               **/s/** Mark E. Ford
                                               HONORABLE MARK E. FORD
                                               UNITED STATES MAGISTRATE JUDGE